■ 24 ROCK CORP., Respondent, v. TOMASELLO BROS., INC., Defendant-Appellant and Third-Party Plaintiff-Appellant. COLONIAL BLUE DIAMOND MORTAR CORP., Third-Party Defendant-Respondent.— Order of the Supreme Court, Queens County, dated May 10, 1967, affirmed, with one bill of $10 costs and disbursements, payable to respondents jointly. No opinion. Christ, Acting P. J., Rabin, Hopkins and Munder, JJ., concur; Benjamin, J., dissents and votes to reverse the order and grant appellant's motion for a new trial on the issue of damages, with the following memorandum: Defendant is a brick and masonry contractor. In 1960 it did the brick and masonry work on four apartment houses built by plaintiff. Because of alleged water leakage through the exterior walls, plaintiff sued defendant for breach of contract (in failing to use a proper mortar mix) and for breach of an express guarantee against leaks. After trial, the jury awarded plaintiff $80,000, and this court affirmed the judgment (see, *24 Rock Corp.* v. *Tomasello Bros.*, 26 A D 2d 772). Thereafter defendant moved for a new trial on the ground of newly discovered evidence, namely (a) that 7 months after the trial the buildings were sold at a profit, at the fair market value, and without any statement to the buyer that the walls leaked, and that the walls did not leak from the time of the sale to the time of the motion for a new trial, 16 months later; and (b) that defendant had discovered an estimate by one of plaintiff's main witnesses (the manager of a waterproofing company), wherein he had said it would cost $42,300 to repair all the alleged leakage by repointing and caulking, which estimate differed from his trial testimony that it would cost $100,000 to do this work. The moving papers on the motion for a new trial also noted that the buildings were not in fact repointed after the trial, but nevertheless did not leak; that, on plaintiff's own testimony at the trial, plaintiff actually spent only $7,500 to make all the waterproofing repairs that were found necessary; and that, if the jury had known of the $42,300 estimate and the actual repair bill of $7,500, it would not have awarded plaintiff $80,000. Special Term denied the motion for a new trial on the grounds of (a) lack of diligence in discovering the alleged new evidence, (b) the hearsay character of some of it and (c) the fact that some of it could have been elicited by proper cross-examination at trial. In my opinion, the denial of the motion was an improvident exercise of discretion, and it should have been granted. If this judgment stands, plaintiff gets an inordinate, unwarranted windfall at defendant's expense, predicated

upon claimed fraud and misrepresentation, since (a) plaintiff had an undisclosed estimate of but $42,300 for all the necessary work and actually spent only $7,500 to fix all that needed fixing, yet it got an $80,000 judgment (increased by interest to $94,000) ostensibly to compensate it for what needed to be fixed; and (b) the main theory of the action was that defendant's use of inferior mortar resulted in progressive deterioration of the exterior walls, but plaintiff's sale of the buildings soon after the trial relieved it of the hazard of such progressive deterioration and placed it on the new owner, who apparently has not complained of it. Such an unjust result cannot be countenanced by the courts. Only a new trial can correct it and the interests of justice require that a new trial be granted.